ORIGINAL

FILED
U.S. DISTRICT COURT

2009 JUL 29 AM 10: 05

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| MICHAEL DIVITO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 308-087 |
| | ) | |
| HARVEY LAPPIN, Director of Federal Bureau of Prisons, and WALT WELLS, Warden, | ) ) ) | |
| | ) | |
| Respondents. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, an inmate currently incarcerated at McRae Correctional Facility ("McRae") in McRae, Georgia, has commenced the above-captioned case pursuant to 28 U.S.C. § 2241 contesting the execution of his sentence of confinement. Respondents have filed their response to the petition, to which Petitioner has filed a reply. (Doc. nos. 7, 8). Respondents then filed a sur-reply, to which Petitioner has also responded. (Doc. nos. 9, 10). For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Petitioner's pending requests to supplement his petition with additional authority and for a "case status report" be deemed **MOOT** (doc. nos. 11-1, 12), that Harvey Lappin be **DISMISSED** as an improper party Respondent, that the petition be **DENIED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent Wells.

## I. BACKGROUND

On February 22, 1994, Petitioner was arrested in Canada on Canadian drug trafficking charges and was convicted and sentenced to 12 years of imprisonment by the Canadian courts on these charges on March 28, 1995. (Doc. no. 7, Exs. 2 & 4). On June 6, 1995, a grand jury sitting in the Middle District of Florida returned an indictment charging Petitioner with conspiracy to possess with intent to distribute five (5) kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) & 846. See United States v. Divito, No. 894-CR-00169, doc. no. 9 (M.D. Fla. June 6, 1995). On June 19, 2005, Petitioner was arrested and extradited to the United States on the federal charges. (Doc. no. 7, Ex. 4). On March 10, 2006, Petitioner pled guilty and was sentenced to 235 months of imprisonment on the United States charges. Specifically, the district court gave Petitioner 145 months of credit for time served for the period he was incarcerated pursuant to his Canadian sentence, with the remaining 90 months to be served in BOP custody. (Id., Ex. 2).

Petitioner filed the instant petition pursuant to 28 U.S.C. § 2241, contending that he is entitled to 21.75 months of good conduct time ("GCT") for the 145 months of credit he received on his United States sentence for the time he spent imprisoned in Canada. (See generally doc. no. 1).[1] Petitioner argues that he is entitled to this GCT because (1) he actually began serving his United States sentence when he was arrested in Canada in 1994, and (2) the sentencing judge in Florida gave him credit for his Canadian prison sentence when he was sentenced on the United States charges. (Id. at 9). Respondents argue that

---

[1] As of October 15, 2008, Petitioner had already earned 108 days of GCT. (Doc. no. 7, Ex. 1). Respondents submit that if Petitioner continues to "demonstrate acceptable compliance," he may earn an additional 248 days of GCT. (Id.).

2

Petitioner's claims are without merit because GCT is calculated by the BOP beginning on the date the sentence commences, and a sentence does not commence until it is imposed. (Doc. no. 7, pp. 6-7). Thus, Respondents contend that Petitioner cannot earn GCT on the 145 months served on his Canadian sentence, because it occurred before his federal sentence was imposed. (Id. at 9).

## II. DISCUSSION

### A. Improper Respondent

Before reaching the merits of the § 2241 petition, the Court first addresses the proper parties to this action. Petitioner has named Harvey Lappin, Director of the BOP, and Walt Wells, Warden of McRae, as Respondents in this action. However Director Lappin is not a proper Respondent because, in a habeas proceeding, the case or controversy is between the person in custody and his custodian. Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004) ("[L]ongstanding practice confirms that in habeas challenges to present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held . . . ."); Wacker v. Bisson, 348 F.2d 602, 605 (5th Cir. 1965).[2] Thus, Walt Wells, Petitioner's custodian by virtue of his position as Warden at McRae, is the proper Respondent. Therefore, the Court **REPORTS** and **RECOMMENDS** that Director Lappin be **DISMISSED** from this case.

---

[2]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981.

3

## B. GCT Claim

Turning to the merits of the instant petition, the Court begins with the general proposition that it has been the long standing practice that the authority for sentence computation remains with the Attorney General, and that authority has been delegated to the BOP. United States v. Wilson, 503 U.S. 329, 334 (1992). That said, 18 U.S.C. § 3624(b), which governs the calculation of GCT, provides as follows:

> [A] prisoner who is serving a term of imprisonment of more than 1 year . . . may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations . . . . Credit that has not been earned may not later be granted.

18 U.S.C. § 3624(b)(1).

As noted above, Petitioner contends that his federal sentence began when he was convicted and sentenced by the Canadian courts, and thus his GCT began accruing at that time. Respondents, on the other hand, argue that Petitioner's federal sentence began when Petitioner was sentenced to 90 months of imprisonment on the charges brought in the Middle District of Florida and that Petitioner cannot earn GCT for time served prior to the date his sentence began. Thus, Respondent contends that Petitioner's GCT has been calculated correctly.

The crux of Petitioner's argument is that he should receive GCT on the basis of the total sentence imposed, rather than the time he has actually served in BOP custody. As noted by the trial judge at Petitioner's federal sentencing in the Middle District of Florida, the "bottom" of the advisory U.S. Sentencing Guidelines required that Petitioner be sentenced

4

to 235 months of imprisonment for his federal offenses. (Doc. no. 8, Ex. D, p. 20). Thus, in order to impose a total sentence of 235 months of imprisonment, the trial judge sentenced Petitioner to 90 months in BOP custody and gave him credit for the 145 months he spent in Canadian custody. Thus, it is clear that the total sentence actually imposed was 235 months of imprisonment.

That said, Petitioner's argument that he receive GCT on the basis of the sentence imposed, rather than the time served, has been soundly rejected by the Eleventh Circuit. Indeed, the Eleventh Circuit has decided that although the statutory language of § 3624(b)(1) is ambiguous, "the BOP's interpretation of the statute that a federal prisoner should get good time credit of 54 days for each year he actually serves in prison is reasonable and therefore is due to be affirmed." Brown v. McFadden, 416 F.3d 1271, 1273 (11th Cir. 2005) (*per curiam*).[3] In reaching its decision, the Eleventh Circuit followed the decisions of five other circuits that reached the same conclusion.[4] Id. (citing Perez-Olivio v. Chavez, 394 F.3d 45, 53 (1st Cir. 2005); O'Donald v. Johns, 402 F.3d 172, 174 (3d Cir. 2005) (*per curiam*); Yi v. Federal Bureau of Prisons, 412 F.3d 526, 534 (4th Cir. 2005); White v. Scibana, 390 F.3d 997, 1002-03 (7th Cir. 2004); Pacheco-Camacho v. Hood, 272 F.3d 1266, 1271 (9th Cir. 2001)).

---

[3] The Eleventh Circuit also decided that the rule of lenity is inapplicable because the BOP's interpretation is reasonable. Brown, 416 F.3d at 1273.

[4] At the time these cases were decided, a different version of 28 C.F.R. § 523.20 was in effect; the current version became effective on December 5, 2005. However, the distinctions between the previous and current version do not affect the analysis determining that it is appropriate for the BOP to calculate GCT based on the time served rather than the sentence imposed.

5

In Ross v. Fondren, No. 08-1325, 2008 WL 4745671 (D. Minn. Oct. 29, 2008), a district court in Minnesota was presented with facts similar to those presented here. In Ross, the federal district court sentenced the petitioner to a total of 188 months of imprisonment but later adjusted his sentence to give him credit for the 34 months he had spent in state custody on related charges. Id. at *1. Thus, the "effective term" of the petitioner's federal imprisonment in Ross was 154 months. Id. at *4. The petitioner in Ross contended, as does Petitioner here, that his GCT should have been calculated on the basis of the 188 month sentence originally imposed, rather than the 154 months he actually served in federal custody. Id. at *2. In reaching its conclusion that Petitioner was not entitled to additional GCT for the time he spent in state custody, the Minnesota district court relied on a decision from the Eighth Circuit that held, as did the Eleventh Circuit in Brown, that the BOP's calculation of GCT on the basis of time served in BOP custody is reasonable. Id. at *2-3 (citing Bernitt v. Martinez, 432 F.3d 868, 869 (8th Cir. 2005) (*per curiam*)). Indeed, the court in Ross stated that "[c]omputing GCT based *on actual time served in BOP custody* accords with the language of the statute, which allows prisoners to earn good time credits 'toward the service of the prisoner's sentence . . . beginning at the end of the first year of the term.'" Id. at *3 (citing 18 U.S.C. § 3624(b)) (emphasis added).[5]

---

[5]The Court is aware of Petitioner's request that it consider the case of Kelly v. Daniels, 469 F. Supp. 2d 903 (D. Or. 2007), in making a recommendation on his petition. (See doc. no. 12). In Kelly, the district court concluded that the BOP was required to calculate a prisoner's GCT based on a 70-month term of imprisonment, even though the term had been adjusted to 42 months to give Petitioner credit for the 28-month period he had already served on state charges. Kelly, 469 F. Supp. 2d at 904-05. The Court has considered Kelly in reaching its recommendation but finds its reasoning unpersuasive, as it is unsupported by any case law and ignores the fact that multiple appellate courts, including the Ninth Circuit Court of Appeals in which the District of Oregon sits, have held that the BOP's

This Court reaches the same conclusion as the district court in Ross did. Petitioner began serving his sentence in BOP custody when he was sentenced in the Middle District of Florida. Even though Petitioner was given credit for the 145 months he spent in Canadian custody prior to that time, he is not entitled to receive GCT for those months of imprisonment, as under Brown he may only earn GCT for the time he actually spent in BOP custody. This conclusion is further supported by the language of 18 U.S.C. § 4105, which provides that persons transferred from a foreign country into the custody of the BOP are entitled to the GCT and other similar credits earned under the foreign system used to calculate such credits, in addition to GCT that may be earned once they begin serving their sentence in the United States. See 18 U.S.C. § 4105(c)(1). Here, Petitioner was transferred from Canada into the custody of the BOP without any prior GCT because, as Petitioner admits, the Canadian prison system does not provide for the awarding of such credits. (See doc. no. 8, p. 9). In accordance with Brown and § 4105, the BOP properly did not award Petitioner GCT based on the time served in Canada but began awarding him GCT once he was transferred into BOP custody.

In sum, Petitioner's total imposed sentence was 235 months of imprisonment, considering that he was given credit for the 145 months he served in Canadian custody prior to his transfer into BOP custody. However, in accordance with the precedent in the Eleventh Circuit, Petitioner may only earn GCT on the basis of the time he actually spent in BOP

---

calculation of GCT based on time served, rather than the sentence imposed, is proper. See Pacheco-Camacho v. Hood, 272 F.3d at 1271. As the Court has necessarily considered Kelly in reaching its recommendation, Petitioner's request should be deemed **MOOT**. (Doc. no. 12).

7

custody, not the total sentence imposed. As the BOP has correctly calculated Petitioner's GCT on the basis of the time he spent in BOP custody, Petitioner is not entitled to the relief he seeks, and this petition should be dismissed.[6]

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Petitioner's pending requests to supplement his petition with additional authority and for a "case status report" be deemed **MOOT** (doc. nos. 11-1, 12), that Harvey Lappin be **DISMISSED** as an improper party Respondent, that the petition be **DENIED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent Wells.

SO REPORTED and RECOMMENDED this 29th day of July, 2009, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[6] As Petitioner has been updated on the status of his case, his request for a "case status report" should be deemed **MOOT**. (Doc. no. 11-1).

8